```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                             Case No. 16-05101-JJT
Timothy P. Carroll                                                 Chapter 7
        Debtor                     CERTIFICATE OF NOTICE
District/off: 0314-5          User: admin                Page 1 of 1                  Date Rcvd: Apr 10, 2017
                              Form ID: 318               Total Noticed: 15


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 12, 2017.
db             +Timothy P. Carroll,    185 Chestnut St.,    Archbald, PA 18403-2284
4866421        +Fay Financial,    939 W. North Ave.,    Chicago, IL 60642-7138
4866422        +Fay Servicing, LLC,    P.O. Box 809441,    Chicago, IL 60680-9441
4866423         Grenen & Birsic, P.C.,    One Gateway Center, 9th Floor,    Pittsburgh, PA 15222
4866424        +Hayt, Hayt & Landau,    123 S. Broad St., Suite 1660,    Philadelphia, PA 19109-1003
4866425        +Hayt, Hayt & Landau, LLC,    Two Industrial Way West,    Eatontown, NJ 07724-2279
4866426        +Health Network Laboratories,    3 West Olive St., Ste. 2,    Scranton, PA 18508-2573
4866427        +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
4866428        +Powell Rogers & Speaks,    1 Fisher Street,    Halifax, PA 17032-8845
4866430        +The Wright Center Medical Group, PC,    746 Jefferson Ave.,    Scranton, PA 18510-1624
4866432        +US Department of Education,    61 Forsyth St. SW, Ste 19T40,    Atlanta, GA 30303-8919

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4866418        +E-mail/Text: seinhorn@ars-llc.biz Apr 10 2017 18:56:39      Ability Recovery Svcs. LLC,
                 P.O. Box 4031,    Wyoming, PA 18644-0031
4866419        +EDI: CAPITALONE.COM Apr 10 2017 19:03:00      Capital One,   PO Box 30285,
                 Salt Lake City, UT 84130-0285
4866420        +EDI: CHASE.COM Apr 10 2017 19:03:00      Chase,   PO Box 15298,    Wilmington DE 19850-5298
4866429         EDI: RMSC.COM Apr 10 2017 19:03:00      Synchrony Bank/JC Penney,    Attn:  Bankruptcy Dept.,
                 PO Box 965060,    Orlando, FL  32896-5060
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4866431*       +Timothy P. Carroll,    185 Chestnut St.,    Archbald, PA 18403-2284
                                                                                 TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 12, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 10, 2017 at the address(es) listed below:
              James   Warmbrodt    on behalf of Creditor    Christiana Trust, a division of Wilmington Savings
               Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 2
               bkgroup@kmllawgroup.com
              Mark J. Conway   (Trustee)    PA40@ecfcbis.com,
               mjc@mjconwaylaw.com;connie@mjconwaylaw.com;info@mjconwaylaw.com
              Tullio   DeLuca    on behalf of Debtor Timothy P. Carroll tullio.deluca@verizon.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **Timothy P. Carroll** | Social Security number or ITIN  xxx−xx−7229 |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **5:16−bk−05101−JJT**

# Order of Discharge                                                                                                       12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Timothy P. Carroll
aka Timothy Carroll

**By the court:**

April 10, 2017

Honorable John J. Thomas
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**